**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| CATHX RESEARCH LTD., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 5:21-cv-00077-RWS |
| | § | |
| 2G ROBOTICS INC. a/k/a VOYIS | § | |
| IMAGING, INC., | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT VOYIS IMAGING, INC.'S OPPOSITION TO**
**PLAINTIFF'S MOTION TO STRIKE UNTIMELY ELECTION OF PRIOR ART**
**AND TO STRIKE EXPERT REPORTS**

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................... 1

II.    FACTUAL AND PROCEDURAL BACKGROUND........................................................ 3

III.   ARGUMENT ........................................................................................................ 6

     A.   Voyis' Final Election Of Prior Art Was Timely And Proper ................................ 7

          1.   General Order No. 13-20 Provides For Service Of Final Elections Of Prior Art By The Opening Expert Report Deadline ................................................................................................. 7

          2.   Both Parties Contemplated Supplementing Final Elections After The Court's Ruling On The Motion For Reconsideration....................................................................................... 8

     B.   The Supplemental Invalidity Report Should Not Be Struck................................... 9

          1.   Voyis' Fourth Supplemental Invalidity Contentions Were Proper Under P.R. 3-6(A)(2) ...................................................................... 9

          2.   Cathx's Argument Regarding "And/Or" Language Is Moot In Light Of Voyis' Final Election Of Prior Art ........................................ 12

          3.   Under Cathx's Own Interpretation, Its Supplemental Expert Report Should Be Struck .......................................................................... 14

          4.   Striking Voyis' Supplemental Invalidity Report Would Result in Extreme Prejudice to Voyis........................................................ 15

IV.   CONCLUSION.................................................................................................... 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allure Energy, Inc. v. Nest Labs, Inc.,*
No. 9-13-CV-102, 2015 WL 11110610 (E.D. Tex. May 19, 2015) ........................................11

*Eolas Techs. Inc. v. Amazon.com, Inc.,*
No. 6:15-CV-01038, 2016 WL 7666160 (E.D. Tex. Dec. 5, 2016) ........................................11

*Fenner Invs., Ltd. v. Hewlett-Packard Co.,*
No. 6:08-CV-273, 2010 WL 786606 (E.D. Tex. Feb. 26, 2010)...........................................14

*Mobility Workx, LLC v. Cellco P'ship,*
No. 4:17-CV-00872, 2019 WL 5721814 (E.D. Tex. Nov. 5, 2019).......................................12

*Personalized Media Commc'ns, LLC v. Apple, Inc.,*
No. 2:15-CV-01366-JRG, 2021 WL 310789 (E.D. Tex. Jan. 29, 2021) ...............................13

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.,*
No. 2:13-CV-213-JRG-RSP, 2015 WL 1848524 (E.D. Tex. Jan. 23, 2015)................9, 10, 11

**Statutes**

35 U.S.C. § 102.....................................................................................................................11

35 U.S.C. § 103.....................................................................................................................16

## I.     INTRODUCTION

At the heart of Cathx Research Ltd.'s ("Cathx's") Motion to Strike (Dkt. 181, "Motion") are two theories, both of which are wrong on the facts and the law.

***First***, Cathx argues that notwithstanding the Court's decision to grant Cathx's Motion for Reconsideration regarding the construction of the claims of U.S. Patent No. 10,116,842 (the "'842 Patent"), Voyis should be precluded from raising any new invalidity theories for that patent to address the new, broader claim construction adopted in the Court's Amended Claim Construction Order. This misguided premise underlies Cathx's contention that Voyis' Fourth Supplemental Final Invalidity Contentions and its Final Election of Prior Art are untimely and improper in scope. There is no dispute, however, that the Amended Claim Construction Order issued only ***after*** the parties had already served their original final contentions and final elections. Cathx disregards this crucial fact, and instead claims that Voyis should have been aware that it could lose the Motion for Reconsideration and should have been prepared to address Cathx's proposed construction ahead of any ruling.

Cathx's attempt to unilaterally impose such an obligation on Voyis is unreasonable, untenable, and finds no support in this Court's scheduling orders or Local Patent Rules. The Court entered its Sixth Amended Docket Control Order (Dkt. 167) providing for a supplemental round of expert reports in light of an amended claim construction ***sought by Cathx***. Neither Cathx's selective reading of the record nor its baseless *ad hominem* attacks can change the fact that Voyis diligently supplemented its invalidity contentions and final election of prior art pursuant to the Court's Local Patent Rules and the Model Order once the Court issued its Amended Claim Construction Order. But Cathx impermissibly seeks to restrict Voyis to its invalidity positions

articulated *before* the amended claim constructions, while simultaneously supplementing its own infringement case. Cathx cannot have it both ways.

Indeed, Cathx's own conduct undermines its argument that Voyis should have been prepared to address Cathx's proposed alternate claim construction ahead of the Court's ruling. Significantly, Cathx fails to inform this Court that it did not serve *any infringement expert report for the '842 Patent*, including under its alternate construction, by the January 20, 2023 deadline for initial opening reports. In fact, Cathx only submitted an infringement expert report for the '842 Patent for the *first time* in this case on June 8, 2023, the deadline for *supplementing* initial opening reports. Indeed, under Cathx's own reasoning, the Court should strike its June 8, 2023, infringement expert report for the '842 Patent since Cathx would have been required to address its alternate construction in an initial report filed before the Court ruled on its Motion for Reconsideration, just as it contends Voyis should have done.[1] (*See* Dkt. 181 at 8-9.) This is, of course, meritless, as the parties need only address the operative claim construction of the case—which is exactly what Voyis has done diligently throughout this case. In contrast, Cathx waited until the eve of its rebuttal validity report to raise this dispute despite having received notice of Voyis' supplemental invalidity positions over two months ago.

*Second*, Cathx argues that the entirety of Voyis' June 8, 2023 Supplemental Invalidity Report, including its initial invalidity expert opinions for U.S. Patent No. 10,116,841 (the "'841 Patent") served in January 2023, should be stricken "for failure to constrain itself" to Voyis' allegedly untimely supplemental final invalidity contentions and final elections of prior art. (Dkt.

---

[1] Cathx's invitation to the Court to strike its June 8, 2023 infringement expert report the '842 patent is clear: "The June 8 deadline was merely a deadline to submit any potential supplementation to those earlier reports that a party believed in good faith were necessitated by the Court's further Claim Construction Order. . . . *June 8, 2023 was not a deadline for initial reports and neither party submitted an initial report on June 8.*" (Dkt. 181 at 8-9 (emphasis added).)

181 at 11-12.)  As to Voyis' Fourth Supplemental Final Invalidity Contentions served on April 12, 2023, Cathx's allegations are demonstrably false. And as to the June 8, 2023, Final Election of Prior Art, Cathx's argument sets forth an illusory standard. The fact that the Supplemental Invalidity Report includes prior art references and combinations that will not be used at trial is not a basis to strike the entire report.  As the Court is well aware, it is common for final elections and, ultimately, the evidence presented at trial to be narrower in scope than the opinions contained in expert reports. And to be perfectly clear—as Voyis confirmed to Cathx during the parties' meet and confer—at trial, Voyis intends to rely *only* on the prior art references and combinations disclosed in its operative June 2, 2023 Final Election of Asserted Prior Art.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The origin of the instant dispute is Cathx's Motion to Reconsider and Clarify Aspects of the Court's Claim Construction Order (Dkt. 105) (the "Motion for Reconsideration"), which sought an amended construction of "the camera and light sources are synchronized" as used in the claims of the '842 Patent. More specifically, Cathx sought reconsideration of the Court's original construction of "the light sources" to require "two or more light sources." (*See* Dkt. 105 at 2-4.) In light of Cathx's Motion for Reconsideration, the Court revised its earlier construction and found that the term "light sources" means "one or more light sources, each configured to project one or more structured light beams." (Dkt. 165 at 7.) That is, by only requiring "one or more light sources" instead of "two or more light sources," the Court broadened the scope of the '842 Patent claims, necessarily widening the scope of foundational invalidating prior art.  (*Id.*)

During the pendency of the Motion for Reconsideration, Voyis proceeded with fact and expert discovery, including serving invalidity contentions, expert reports, and final election of prior art, under the then-operative construction of the '842 Patent. Notably, the parties

contemplated that positions may change and require supplementation, such as when they *jointly* represented to the Court that "the pending Motion for Reconsideration regarding claim construction (Dkt. 105) could have various impacts on the Parties' positions relevant to dispositive motions, including supplemental expert discovery if warranted by the Court's ruling." (*See* Dkt. 156 at 1.) Cathx itself concedes in its current Motion that its own final election and initial opening expert reports "were done in view of the scope of the issues presented by the parties *at the time*." (Dkt. 181 at 10.)  Indeed, without grounds for infringement under the then-operative constructions of the '842 Patent, Cathx did not submit an initial opening report for the '842 Patent.

On February 22, 2023, one day after the Court granted the Motion for Reconsideration and amended its construction of the '842 Patent, the Court entered the Sixth Amended Docket Control Order (Dkt. 167) that provided for, among other things, a new round of supplemental expert reports to allow the parties to address the new claim construction if good faith so requires. Prior to those reports, Voyis served supplemental invalidity contentions pursuant to P.R. 3-6(a)(2) on April 12, 2023, and its Final Election of Prior Art on June 2, 2023 pursuant to the operative Model Order (Dkt. 134). On June 8, Voyis served its Supplemental Invalidity Report pursuant to the Sixth Amended Docket Control Order.  (Dkt. 167.)

The below timeline sets out the key events leading to this dispute:

- **November 21, 2022**: The Court issues its original Claim Construction Order (Dkt. 101.)

- **November 29, 2022**: Cathx files its Motion for Reconsideration of the Court's Claim Construction Order with respect to the '842 Patent. (*See* Dkt. 105.)

- **December 21, 2022**: Cathx serves its Third Supplemental Infringement Contentions based on its proposed amended construction.

- **January 5, 2023**: The Court enters its Fourth Amended Docket Control Order (Dkt. 129.)

- **January 10, 2023**: Voyis serves its Third Supplemental Invalidity Contentions based on the then-operative construction of the '842 Patent.

- **January 20, 2023**: Voyis serves the initial Expert Report of Dr. Johnson-Roberson on Invalidity, based on the then-operative constructions of the '841 and '842 Patents. On the same date, Cathx serves the initial Expert Report of Dr. Hudson on Infringement, ███████████████████████████████████████ ███████ (Dkt. 131, 132.)

- **January 24, 2023**: The Court enters the Model Order Focusing Patent Claims and Prior Art to Reduce Costs (General Order No. 13-20). (*See* Dkt. 134.) General Order No. 13-20 provides that "[b]y the date set for the service of expert reports by the party with the burden of proof on an issue, the patent defendant shall serve a Final Election of Asserted Prior Art . . . ."

- **January 24, 2023**: Cathx serves its Final Election of Asserted Claims, which states that the Court's ruling on the Motion for Reconsideration "will affect Cathx's 'final' claim elections" and that Cathx "*reserves the right to modify [its election] (and will modify it) based on the Court's resolution of the referenced motion* at the appropriate time." (emphasis added). (Ex. A.)

- **January 25, 2023**: Voyis serves its Final Election of Asserted Prior Art pursuant to the Court's entry of General Order No. 13-20. (Dkt. 181-3.)

- **February 1, 2023**: The Court enters its Fifth Amended Docket Control Order (Dkt. 140).

- **February 21, 2023**: The Court grants Cathx's Motion for Reconsideration (Dkt. 164) and issues its Amended Claim Construction Order (Dkt. 165.)

- **February 22, 2023**: The Court enters its Sixth Amended Docket Control Order (Dkt. 167), providing for the service of supplemental expert reports on June 8, 2023, addressing the matters it believes in good faith to be necessitated by the Court's ruling on Cathx's Motion for Reconsideration. (*Id.* at 4.)

- **April 12, 2023**: Voyis serves its Fourth Supplemental Invalidity Contentions, based on the Court's amended claim construction and disclosing *Kaltenbacher*, an additional prior art reference made relevant by the Court's amended claim constructions. (Ex. B.)

- **June 2, 2023**: Voyis serves its Final Election of Asserted Prior Art in light of the Court's amended claim constructions. (Dkt. 181-5.)

- **June 8, 2023**: Voyis serves its Supplemental Invalidity Report based on the amended claim constructions for the '842 Patent and Cathx serves its first and initial Infringement Report for the '842 Patent. (Dkt. 181-7 (filed under seal).)

████████████████

On June 27, 2023—two days before the deadline to serve supplemental rebuttal reports, Cathx filed the instant Motion, necessitating an amended rebuttal report deadline.[2] (*See* Dkt. 184).

Importantly, Cathx's first raised its concerns on June 21, 2023.  As to timeliness and scope of Voyis' supplemental invalidity theories regarding '842 Patent, Cathx surprisingly waited *more than two months* after Voyis served its Fourth Supplemental Invalidity Contentions addressing those theories and approximately *three weeks* after Voyis served its Final Election of Prior Art. As to Voyis' use of "and/or" type language for the '841 and '842 Patents, Cathx inexplicably waited even longer – *more than five months* after Voyis served its Initial Invalidity Expert Report to raise this issue.

## III.    ARGUMENT

The Motion should be denied because (i) Voyis' Fourth Supplemental Invalidity Contentions and  June 2, 2023 Final Election of Asserted Prior Art were proper and timely under the Court's prior orders and P.R. 3-6 and (ii) none of the grounds advanced by Cathx justify striking the any portion of Supplemental Invalidity Report, let alone the entire report. Cathx cannot be prejudiced by Voyis' invalidity theories, including supplementation necessitated by the Courts' Amended Claim Construction Order, which are in compliance with local rules and the Court's orders in this case. In contrast, Voyis would be severely prejudiced if its Supplemental Invalidity Report—essentially Voyis' entire invalidity case—is struck while Cathx is allowed to proceed with its new infringement case with respect to the '842 Patent.

---

[2] Cathx erroneously argues that Voyis "declined to hold a meet and confer," but the record demonstrates otherwise. In fact, Cathx's counsel was unavailable to confer before Voyis served its Final Election. (Dkt. 181-6 at 5). Further, Cathx waited nearly two weeks—from June 8 to June 21—to raise its objections to the Supplemental Invalidity Report and request a meet and confer. Moreover, the parties held a conference on June 23. At no point did Voyis refuse to confer with Cathx.

**A.      Voyis' Final Election Of Prior Art Was Timely And Proper**

      **1.      General Order No. 13-20 Provides For Service Of Final Elections Of Prior Art By The Opening Expert Report Deadline**

The fact that the Sixth Amended Docket Control Order did not include deadlines for final elections of asserted claims or prior art is not relevant, because by that time the Court had already entered General Order No. 13-20.[3] Paragraph 3 of General Order No. 13-20 provides that, no later than 28 days before opening expert reports, the patent claimant must serve its Final Election of Asserted Claims. Likewise, no later than the opening expert report deadline, the defendant must serve its Final Election of Asserted Prior Art. Although Cathx attempts to selectively walk back the provisions of General Order 13-20, arguing now that the deadline for Voyis to serve its Final Election of Prior Art was January 20, 2023, when opening expert reports were due, Cathx itself did not serve its Final Election of Asserted Claims until January 24, 2023—after the deadline under its own interpretation of General Order No. 13-20.

In view of the Sixth Amended Docket Control Order, which provides for the service of opening supplemental expert reports on June 8, 2023, and supplemental rebuttal expert reports on June 29, 2023,[4] Voyis properly served its Final Election of Prior Art under General Order No. 13-20. In fact, Voyis' June 2, 2023 Final Election was served ***before*** the June 8 deadline to do so, giving Cathx an additional six days of notice.  Cathx argues that Voyis should have requested an amendment to the Docket Control Order to include a new deadline for its final election of prior art. (Dkt. 181 at 7–8). But such an amendment was unnecessary, in light of General Order No. 13-20 having already been entered.

---

[3] Similarly, the Fifth Amended Docket Control Order, also entered after the Court's entry of General Order No. 13-20, does not include final election deadlines.

[4] Subsequently amended to July 14, 2023 due to the pendency of the Motion. (*See* Dkt. 184).

**2.     Both Parties Contemplated Supplementing Final Elections After The Court's Ruling On The Motion For Reconsideration**

In their mutual exchange of final elections in January 2023, both Cathx and Voyis contemplated supplementing or amending their elections after the Court ruled on the Motion for Reconsideration. Indeed, Cathx confirmed in its January 24, 2023, Election of Asserted Claims that the Court's ruling "*will affect*" its final claim elections.[5] (Ex. A (emphasis added)). Cathx went even further by affirmatively representing that:

> Accordingly, Cathx submits the following election and reserves the right to modify it (*and will modify it*) based on the Court's resolution of the referenced motion at the appropriate time."

(*Id.* (emphasis added)).  This should end the inquiry.

Moreover, in keeping with the parties' apparent mutual understanding that the Court's ruling on the Motion for Reconsideration could impact the scope of the asserted claims and prior art, Voyis' Revised Election of Asserted Prior Art, served on January 25, 2023, noted that "Voyis reserves the right to modify this election based on the outcome" of the Motion for Reconsideration. (*See* Dkt. 181-3 at 1.)

Cathx's present argument that "a party simply cannot reserve a right it does not have" is not only incorrect, but it contradicts its own prior assertions that it "*will modify*" its election of asserted claims after the Court's ruling on the Motion for Reconsideration. (Dkt. 181 at 9; Ex. A.) Cathx clearly contemplated that the parties would modify their respective final elections based on

---

[5] The parties also agreed that "the pending Motion for Reconsideration regarding claim construction (Dkt. 105) could have various impacts on the Parties' positions relevant to dispositive motions, including supplemental expert discovery if warranted by the Court's ruling" two weeks later when jointly moving to amend the Court's Docket Control Order for a sixth time on February 13, 2023. (Dkt. 156).

the Court's resolution of its own Motion for Reconsideration. Cathx cannot have it both ways and should not be allowed to backtrack now.

> **B.     The Supplemental Invalidity Report Should Not Be Struck**
>
>> **1.     Voyis' Fourth Supplemental Invalidity Contentions Were Proper Under P.R. 3-6(A)(2)**

On April 12, 2023, after the Court's ruling on the Motion for Reconsideration and amended claim constructions, Voyis diligently served its Fourth Supplemental Invalidity Contentions, which included invalidity theories based on a new prior art reference, U.S. Patent No. 7,417,666 ("*Kaltenbacher*"). Voyis' Supplemental Invalidity Report, including its invalidity theories based on *Kaltenbacher* – all of which were disclosed in the Fourth Supplemental Invalidity Contentions – timely followed on June 8, 2023.  In its Motion, Cathx argues that Voyis' Fourth Supplemental Invalidity Contentions and the entire Supplemental Invalidity Report are improper because they rely on *Kaltenbacher* as a reference.

As an initial matter, Cathx has failed to meet its burden to show that the Supplemental Invalidity Report should be struck. *See Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-JRG-RSP, 2015 WL 1848524, at *3 n.4 (E.D. Tex. Jan. 23, 2015) (the movant bears the burden on a motion to strike). The Sixth Amended Docket Control does not provide a deadline for supplementing invalidity contentions. Accordingly, P.R. 3-6(a)(2)(B) applies,[6] which provides as follows:

> Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve "Amended Invalidity Contentions" without leave of court that amend its "Invalidity Contentions" with respect to the information required by P. R. 3-3 if: . . . the party opposing a claim

---

[6] Cathx misstates this Court's Local Patent Rules when it states that "leave of Court is necessary to amend contentions and expand the issues in dispute." (*See* Dkt. 181 at 6.) In fact, P.R. 3-6(a)(2)(B) allows amending without leave when the Court's construction of claim terms so requires and the amendment is done in good faith. This is squarely the situation here.

9

of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

Voyis believed in good faith that the Court's amended construction of the '842 Patent required the supplementation of its invalidity contentions to include *Kaltenbacher*. After the Court's amended claim construction for the '842 Patent, which broadened the scope of the claims, Voyis identified additional foundational prior art, including the *Kaltenbacher* reference. Voyis promptly produced the reference—more than 10 weeks before the deadline for Cathx's rebuttal report. The *Kaltenbacher* reference teaches many, if not all, of the limitations of the independent claims of the '842 Patent under the Court's amended construction. Within the deadline provided for under P.R. 3-6(a), Voyis amended its invalidity contentions. Cathx cannot reasonably claim it was prejudiced by the inclusion of *Kaltenbacher* in Voyis' invalidity contentions, Final Election of Prior Art, or the Supplemental Invalidity Report.

Voyis served its Fourth Supplemental Invalidity Contentions nearly two months before serving its Final Election and Supplemental Invalidity Report, and yet Cathx sat silent and did not raise the issue of *Kaltenbacher* during this entire period. *Rembrandt Wireless*, a decision by this Court, is directly on point. 2015 WL 1848524, at *2. Like Cathx, the plaintiff in *Rembrandt Wireless* sought to strike portions of amended invalidity contentions that were timely served. *Id.* at *1–*2. And just like the plaintiff in *Rembrandt Wireless*, Cathx "sought no resolution from this Court as to whether Defendants' purported good faith belief met the Court's standards under P.R. 3–6." *Id.* at *2. For its part, Cathx has conceded that Voyis' amendment was timely under L.P.R. 3-6(a). (*See* Dkt. 181 at 10 (confirming that Voyis' Fourth Supplemental Invalidity Contentions were served on "the 50th day after the Court's February 21, 2023 Order").) And Cathx never challenged Voyis' good faith basis to do so. "Rather, it waited—more than two months later—to formally raise its objections to Defendants' ***subsequently amended*** invalidity contentions. . . .

10

[T]he Court finds Plaintiff waived its objections." *Rembrandt Wireless*, 2015 WL 1848524, at *2 (emphasis original); *see also id.* at *2 ("Because Plaintiff failed to timely challenge Defendants' Second Amended Contentions, the portions of the [Defendant's Expert] Report relating to those invalidity theories will not be stricken.").

Cathx also contends that it has suffered prejudice because it is "unable to conduct discovery related to the asserted reference." (Dkt. 181 at 10.) But unlike other prior art upon which Voyis relies, the *Kaltenbacher* reference is an issued patent. Cathx cannot reasonably contest the prior art status of *Kaltenbacher* under 35 U.S.C. § 102. And setting aside that Cathx does not explain what type of discovery it would have conducted had *Kaltenbacher* been disclosed earlier, Cathx has nevertheless been aware of the *Kaltenbacher* reference for months, has the benefit of the Supplemental Invalidity Report, as well as the opportunity to provide rebuttal opinion from its own expert, and will have the opportunity to depose Dr. Johnson-Roberson regarding his opinions. Against this backdrop, there is no prejudice here. *See Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110610, at *2 (E.D. Tex. May 19, 2015) ("If Plaintiff had presented evidence that it was not given an opportunity to depose the invalidity experts on this matter or that these references had never been disclosed, the court may well have struck the anticipation defenses. Plaintiff has not made these arguments, and the record indicates that it likely cannot . . . . This factor weighs heavily against striking these references.").

Moreover, even assuming *arguendo* that Voyis' Fourth Supplemental Invalidity Contentions were untimely—which they were not—striking the contentions, Voyis' Final Election of Prior Art, or the Supplemental Invalidity Report would be an extreme and disproportionate remedy. Indeed, such draconian sanctions are disfavored in this District. *See, e.g., Eolas Techs. Inc. v. Amazon.com, Inc.*, No. 6:15-CV-01038, 2016 WL 7666160, at *1 (E.D. Tex. Dec. 5, 2016)

("Striking ICs is an extreme decision comparable to determining 'whether evidence should be excluded for discovery violations.' . . .  Therefore, courts are hesitant to strike contentions absent evidence of unreasonable delay and prejudice.") (internal citation omitted); *Mobility Workx, LLC v. Cellco P'ship*, No. 4:17-CV-00872, 2019 WL 5721814, at *18 (E.D. Tex. Nov. 5, 2019) (citing *Eolas Tech*). Cathx has wholly failed to meet its burden of showing unreasonable delay or prejudice, particularly given its own delay in raising the issue until mere days before rebuttal reports were due.

### 2.    Cathx's Argument Regarding "And/Or" Language Is Moot In Light Of Voyis' Final Election Of Prior Art

Cathx further argues that the entire Supplemental Invalidity Report, including the unchanged invalidity opinions for the '841 Patent served over six months ago, should be struck because it refers to combinations of references using "and/or" language—for example, *Maki-1* in view of *Madden* and/or *Hudritsch*—that purportedly take the report beyond the scope of Voyis' invalidity contentions and elections of prior art.

To begin with, Voyis' Fourth Supplemental Invalidity Contentions served on April 12, 2023, disclose all of the prior art combination and invalidity theories using the and/or language found in the Supplemental Invalidity Report. (*See generally* Ex. B.) Cathx has not identified any prior art references or combinations from the report that are omitted from these contentions.

Further, Cathx's argument that Voyis' initial and supplemental reports rely on unelected reference and combinations puts the cart before the horse. (Dkt. 181 at 11 and 14.)  It is not uncommon for final elections of prior art to be served after opening expert reports on invalidity, thus narrowing the scope of prior art to be used at trial from that disclosed in invalidity reports. In fact, prior docket control orders entered by the Court in this case contemplated exactly that. (*See, e.g.*, Dkt. 32 at 3 (Original Docket Control Order providing for Final Election of Asserted Prior

Art one week after opening expert reports)). The schedule in this case, as provided for under General Order No. 13-20 and the Sixth Amended Docket Control Order, set the deadline for final elections of prior art on the same date as the opening expert report deadline. The fact that Voyis' Final Election of Prior Art is narrower than the Supplemental Invalidity Report is not a ground to strike the report. If Cathx's interpretation were correct, the Final Election would serve no purpose, and the Court would have simply ordered a limit on the number of prior art references that could be used at trial.

Finally, Cathx's argument regarding the use of "and/or" language is a red herring. (Dkt. 181 at 12-14.) Cathx's arguments go to the form, not the substance of the Supplemental Invalidity Report. The body of the report describes combinations of prior art in detail, even citing and quoting portions of prior art references in support. The "and/or" language that Cathx complains of is merely part of a prefatory summary of prior art combinations and references and does not provide the complete disclosure of Dr. Johnson-Roberson's opinions regarding invalidity. *See, e.g., Personalized Media Commc'ns, LLC v. Apple, Inc.*, No. 2:15-CV-01366-JRG, 2021 WL 310789, at *3 (E.D. Tex. Jan. 29, 2021) ("Although this list may indeed result in a vast number of possible combinations, as PMC points out, the list is presumably intended to serve as a sort of summary to PMC, alerting PMC that Apple has identified the sorts of combinations on which it will later rely. PMC could then look to the element-by-element charts provided by Apple for specific disclosure of what reference discloses what element, and could—following that path—reasonably discern the invalidity theories Apple intended to rely upon, including Apple's theories of which reference disclosed which element(s) of the asserted claims.").

Moreover, Voyis' June 2, 2023 Final Election of Prior Art narrows the asserted prior art combinations in conjunctive fashion, mooting any concerns voiced by Cathx with "and/or"

language. Put simply, the prior art references and combinations disclosed in Voyis' June 2, 2023,

Final Election Prior Art represent the full scope of prior art which Voyis intends to rely on at trial.

Further, although not relevant in light of Voyis' June 2, 2023 election, Cathx has been on

notice of the "and/or" language at least since Voyis served its Third Supplemental Invalidity

Contentions on January 10, 2023 (consistent with the initial Invalidity Report served on January

20, 2023) using the same language. Cathx remained silent for *six months* on this issue, yet now

claims prejudice at the eleventh hour on the eve of its own rebuttal report deadline and seeks the

wholly disproportionate remedy of striking an entire report. The case law of this district, as well

as other district courts, makes clear that Cathx's position here is untenable. *See, e.g., Fenner Invs.,*

*Ltd. V. Hewlett-Packard Co.*, No. 6:08-CV-273, 2010 WL 786606, at *3 (E.D. Tex. Feb. 26, 2010)

("If Defendants were unclear as to the scope of the contentions, it was their responsibility to work

with Plaintiff, informally or through motion practice, to clarify the issue.").

### 3.    Under Cathx's Own Interpretation, Its Supplemental Expert Report Should Be Struck

Following Cathx's arguments to their logical conclusion, Cathx essentially argues that

Voyis should have anticipated the Court's ruling on the Motion for Reconsideration and should be

confined to the prior art references and opinions disclosed in its initial Invalidity Report. This

cannot be the requirement. Indeed, if it were, Cathx's own supplemental expert report on

infringement of the '842 Patent would necessarily have to be struck for the same reasons. Cathx's

first infringement report, served on January 20, 2023, completely omitted any discussion of the

'842 Patent, let alone disclose *any* infringement opinions regarding the '842 Patent, other than to

note the pendency of the Motion for Reconsideration.   For example, Paragraph 8 of the first

Hudson Report notes that his

14

██████████████████████████

██████████████████████████████████████   (Ex. C (emphasis added) (filed under

seal)).  It was not until June 8, 2023, that Cathx fully disclosed its expert's theories with respect to

the '842 Patent for the first time.

To be clear, Voyis does not plan at this time to move to strike the supplemental

infringement report, but merely highlights the inconsistency of Cathx's position—if Voyis'

supplemental expert report was improper because it disclosed allegedly "new" theories, then so

was Cathx's supplementation, which for the first time described Cathx's positions regarding

infringement of the '842 Patent.

### 4. Striking Voyis' Supplemental Invalidity Report Would Result in Extreme Prejudice to Voyis

Finally, granting Cathx's Motion would severely prejudice Voyis' defense, by essentially

leaving Voyis without an invalidity defense as to both of the Asserted Patents in this case.  Voyis

has only served a single expert report on the invalidity of the Asserted Patents.  Voyis does not

have another expert to advance theories of invalidity should the Court grant this motion and will

be unable to effectively present these defenses for the remainder of the case. Furthermore, Voyis

would be prejudiced if it was unable to rely on the *Kaltenbacher* reference, as it is the only primary

prior refence that is a patent and whose status as prior art cannot be challenged. Voyis' other two

prior art references, *Maki-1* and *LPP Offer For Sale,* are not patents, and Cathx has indicated that

it contests the prior art status of both references.  Thus, to the extent Cathx's Motion is successful,

Voyis will not be left with a primary prior art reference to rely upon for its invalidity defenses

under 35 U.S.C. § 103.

## IV.    CONCLUSION

For the reasons stated herein, the Motion should be denied.

Dated: June 30, 2023

Respectfully submitted,

By: */s/ Mircea A. Tipescu*

**BENESCH, FRIEDLANDER, COPLAN
& ARONOFF LLP**

Mircea A. Tipescu (Lead Attorney) (admitted *PHV)*
Manish K. Mehta (admitted *PHV)*
Theresa L. Starck (Admitted *PHV)*
Samuel J. Ruggio (Admitted *PHV)*
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Tel: (312) 212-4949
mtipescu@beneschlaw.com
mmehta@beneschlaw.com
tstarck@beneschlaw.com
sruggio@beneschlaw.com

Greg Proctor (Admitted *PHV)*
100 Pine Street, Suite 1300
San Francisco, CA 94111
Tel: 628) 600.2228
gproctor@beneschlaw.com

**JACKSON WALKER LLP**
Arthur Gollwitzer III
Texas State Bar No. 24073336
100 Congress Avenue, Suite 1100
Austin, Texas 78701
Tel: (512) 236-2000
agollwitzer@jw.com

William T. Nilsson
Texas State Bar No. 24123350
2323 Ross Ave., Suite 600
Dallas, TX  75201
Tel: (214) 953-6000
wnilsson@jw.com

*Attorneys for Defendant 2G Robotics Inc.
a/k/a Voyis Imaging, Inc.*

## CERTIFICATE OF SERVICE

I, Mircea A. Tipescu, an attorney of record in this matter, hereby certify that on June 30, 2023, I served the following sealed document via email on all counsel of record:

**DEFENDANT VOYIS IMAGING, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE UNTIMELY ELECTION OF PRIOR ART AND TO STRIKE EXPERT REPORTS**

Lance Lee
wlancelee@gmail.com
Attorney at Law
5511 Plaza Dr.
Texarkana, Texas 75503

Edward L. Bishop *(pro hac vice)*
ebishop@bdl-iplaw.com
Stephanie N. White *(pro hac vice)*
swhite@bdl-iplaw.com
Bishop Diehl & Lee, Ltd.
1475 E. Woodfield Rd., Ste. 800
Schaumburg, IL 60173

*/s/ Mircea A. Tipescu*
Mircea A. Tipescu

<u>**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**</u>

Pursuant to Local Rule CV-5(a)(7), I certify that a motion to seal was filed with the Clerk of the Court using CM/ECF separately and concurrently with DEFENDANT VOYIS IMAGING, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE UNTIMELY ELECTION OF PRIOR ART AND TO STRIKE EXPERT REPORTS.

Date: June 30, 2023

*/s/ Mircea A. Tipescu*
Mircea A. Tipescu
