IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CATHX RESEARCH LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:21-CV-00077-RWS |
| | § | |
| 2G ROBOTICS, INC. a/k/a VOYIS IMAGING, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

### ORDER

Before the Court is Plaintiff's Motion to Strike Untimely Election of Prior Art and to Strike Expert Reports. Docket No. 181. In its motion, Cathx seeks an order striking Voyis's June 2, 2023 final election of asserted prior art and fourth supplemental invalidity contentions, as well as the June 8, 2023 supplemental expert report of Voyis's expert, Dr. Matthew Johnson-Roberson. *Id.* The motion is fully briefed. Docket Nos. 185, 187, 188. Having reviewed the briefing, Cathx's motion (Docket No. 181) is **DENIED** and the Court **ORDERS** the parties to meet and confer and submit a proposed amended docket control order**.**

### I.   BACKGROUND

As of now, there have been seven docket control orders entered in this case. Docket Nos. 32, 39, 90, 95, 129, 140, 167. Each of the six amended orders have been entered following an agreed motion of the parties. On January 24, 2023, the Model Order Focusing Patent Claims and Prior Art to Reduce Costs (General Order No. 13-20) ("Model Order") was entered in this matter. Docket No. 134. The Model Order puts certain limitations in place in order to streamline patent trials by focusing the number of asserted claims and prior art asserted in a case. On February 21, 2023, the Court granted Cathx's motion for reconsideration of the Court's claim construction order

(Docket No. 105), which was filed in November and was fully briefed by the end of January. Docket No. 164. The Court entered an amended claim construction order on the same day. Docket No. 165.

When the Model Order was entered in this action, the Third Amended Docket Control Order (Docket No. 95) governed the parties' upcoming deadlines. Under the Third Amended Docket Control Order, the deadlines for the final election of asserted claims (December 21, 2022) and final election of asserted prior art (January 18, 2022) had already passed. And, while the parties complied with the deadlines of the Third Amended Docket Control Order, neither party complied with the yet un-entered Model Order. Docket No. 181 at 4. On the day that the Model Order was entered, Cathx served its revised final election of asserted claims to bring its election into compliance with the Court's Model Order. *Id.* (citing Docket No. 181-2). On the next day (January 25, 2023), Voyis responded with its revised final election of asserted prior art. *Id.*

Three months later, in an email sent on May 24, 2023, Voyis asked Cathx to "confirm whether Cathx still intends to modify its election of asserted claims" based on Voyis's understanding that they were due 12 weeks prior to the dispositive motions deadline per the Court's template docket control order (which was applied in the original docket control order in this case, Docket No. 32). *See* Docket No. 181-4 at 2. In that same email, Voyis represented that it believed Cathx's final election of asserted claims were due on May 23, 2023 and that Voyis's final election of asserted prior art was due June 20, 2023. *Id.*

Cathx asserts that it made itself available to meet and confer on this issue, but that "Voyis [] acted unilaterally" and served a further revised final election of prior art (that asserts references that were not disclosed on January 25, 2023) on June 2, 2023. Docket No. 181 (citing Docket No. 181-5). Voyis explains that it did not decline to meet and confer; rather, Voyis was unavailable at

the time requested and, when it made itself available, "Cathx's counsel was unavailable to confer before Voyis served its Final Election." Docket No. 185 at 6, n.2 (citing Docket No. 181-5 at 5–6).

In its motion, Cathx argues that Voyis's June 2, 2023 final election of asserted prior art is untimely and that there is "no justification for a further final election [at this time], particularly without requesting leave," and thus should be stricken. Docket No. 181 at 8–10. Cathx further argues that Voyis's supplemental invalidity report should also be stricken because it includes prior art that was not disclosed until April 12, 2023—three months after the close of discovery and after Cathx served its final election for asserted claims and opening expert reports. *Id.* at 11. Cathx asserts that, by waiting nearly two months after the Court entered its amended claim construction order (Docket No. 165), Voyis "willfully withheld Kaltenbacher [(the asserted prior art reference)] to gain an improper advantage," as evidenced by the invalidity contentions Voyis served that analyze the Kaltenbacher reference. *Id.*

Cathx further argues that the Court's amended claim construction order (Docket No. 165) and Local Patent Rule 3-6(a)(2)(B) should not be used as an "open invitation" for Voyis to introduce new art. Docket No. 181 at 12. And Cathx asserts that Voyis's late production of the Kaltenbacher reference is severely prejudicial—for example, "Cathx may have selected different claims in its Final Election of Asserted Claims" if the reference had been timely disclosed. *Id.*

Voyis responds that Cathx's arguments are unpersuasive. Voyis explains that the Court's amended claim construction order broadened the scope of the claims, "necessarily widening the scope of foundational invalidating prior art." Docket No. 185 at 6. Voyis explains that, in view of the amended constructions, the sixth amended docket control order (Docket No.167) that was entered the day after the Court's amended claim construction order "provided for . . . a new round

of supplemental expert reports to allow the parties to address the [amended] claim construction if good faith so requires." *Id.* at 7. Prior to submitting supplemental reports, Voyis served supplemental invalidity contentions pursuant to Local Patent Rule 3-6(a)(2) on April 12, 2023, and its final election of prior art on June 2, 2023 pursuant to the Model Order. *Id.* Voyis explains that it would be severely prejudiced if "essentially Voyis's entire invalidity case" is struck while "Cathx is allowed to proceed with its new infringement case." *Id.* at 9.

Voyis explains that the Model Order that was entered on January 24, 2023 provided certain deadlines that were not included in certain relevant amended docket control orders in this case. Docket No. 185 at 10. Specifically, Voyis explains that the Model Order provides that "no later than 28 days before opening expert reports, the patent claimant must serve its Final Election of Asserted Claims," and that "no later than the opening expert report deadline, the defendant must serve its Final Election of Asserted Prior Art." *Id.*[1] In view of the deadlines set in the Model Order and the sixth amended docket control order, Voyis asserts that its elections and supplemental report are timely. *Id.* Voyis further explains both parties contemplated that the Court's amended claim construction order required them to supplement or amend their elections in this action. *Id.* at 11.

Beyond the issue of timeliness, Cathx argues that Voyis's application of the asserted art is problematic because Dr. Johnson-Roberson's supplemental invalidity report prior art references using "and/or" language—rendering his invalidity opinions unclear and creating numerous combinations. Docket No. 181 at 13–14. Cathx further explains that the confusing nature of Dr. Johnson-Roberson's supplemental invalidity report is "further compound[ed] . . . by adding additional references that are undeniably unelected, regardless of whether the June 2, 2023" final

---

[1] At the time that the Model Order was entered, the deadline for opening expert reports had passed; thus, the Third Amended Docket Control Order (Docket No. 95) was silent on this deadline.

election of asserted prior art is proper. *Id.* at 14. Cathx explains that the entirety of Dr. Johnson-Roberson's expert report should be stricken because he cross-references and incorporates arguments such that the defects described infect the report as a whole. *Id.* at 15. Likewise, Cathx argues that Dr. Johnson-Roberson's earlier report lacks viability for the same reasons. *Id.*

Voyis responds that Dr. Johnson-Roberson's supplemental report properly included Voyis's invalidity theories based on the Kaltenbacher reference and that Cathx failed to meet its burden of proof in its motion to strike. *Id.* at 12. Voyis explains that the sixth amended docket control order is silent on the deadline for supplementing invalidity contentions and that the local patent rules should govern. *Id.* Voyis explains that it was acting in good faith and that Cathx waited more than two months after Voyis disclosed the Kaltenbacher reference before raising it with the Court. *Id.* at 13. In view of this, Voyis argues that Cathx's argument "regarding the use of 'and/or' language is a red herring." *Id.* at 16. Voyis explains that "Cathx's arguments go to the form, not the substance of" Dr. Johnson-Roberson's report. *Id.* Furthermore, striking Dr. Johnson-Roberson's report at this time would "severely prejudice Voyis's defense, by essentially leaving Voyis without an invalidity defense as to both of the asserted patents in this case." *Id.*

## II.   ANALYSIS

It is well settled that a court has broad discretion in managing its docket. *See, e.g.*, *Sims v. ANR Freight Sys., Inc.*, 77 F.3d 846, 849 (5th Cir. 1996). This principle is evidenced by the seven docket control orders that have already been entered in this action. In each of the docket control orders, on the first page, the Court states that the deadlines set by that order are in effect until further order of the Court. *See* Docket Nos. 32, 39, 90, 95, 129, 140, 167.

When the Court enters amended docket control orders, it is normal practice to remove deadlines that have passed. Thus, the dates of the deadlines in the present dispute were not reflected

in the amended orders. This does not mean that the deadlines reflected in the Model Order were intended to govern. Rather, following the entry of the Model Order and the Court's amended claim construction order, when the parties moved to amend the schedule in this case, they should have met and conferred and presented a proposed amended docket control order that reflected proposed deadlines for each of the actions that the parties believed needed to be taken in view of the Court's order.

Thus, while generally an untimely disclosure would warrant its being stricken, Voyis's confusion regarding the deadlines in this matter appears to have been in good faith. Thus, the Court finds that the relief Cathx seeks is not appropriate at this time. Still, denying Cathx's motion entirely is not appropriate either. Thus, under the present circumstances, a brief continuance and entry of an amended docket control order presents a fair and adequate remedy. It is therefore

**ORDERED** that Cathx's motion (Docket No. 181) is **DENIED**. It is further

**ORDERED** that the parties shall meet and confer and submit a proposed docket control order to the Court that proposes resetting certain past deadlines, including deadlines for the parties' elections and expert reports, in view of the Court's claim construction order. The parties' proposed docket control order should include the following deadlines:

- **Trial**: January 22, 2024 in Texarkana, Texas
- **Pretrial conference**: December 19, 2023 in Texarkana, Texas
- **Dispositive motions deadline**: October 10, 2023.

The parties are directed to be thorough. In other words, all deadlines must be reflected in the parties' proposed order and there should be no ambiguity or confusion between the parties regarding the meaning of those deadlines. Further, for absolute clarity, the most current docket control order—not the Model Order— governs the deadlines in this case. Finally, further

amendments to the docket control order will not be granted absent a showing of good cause. This case has been pending more than two years; further delay should be avoided.

In view of the Court's order, any ruling on the content of Dr. Johnson-Roberson's report would be premature.

**So ORDERED and SIGNED this 13th day of July, 2023.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE