IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| CATHX RESEARCH LTD., <br><br>    Plaintiff,<br><br>v.<br><br>2G ROBOTICS INC. a/k/a VOYIS IMAGING, INC.,<br><br>    Defendant. | Case No. 5:21-cv-00077-RWS |

**PLAINTIFF'S LIST OF TRIAL WITNESSES**

    Plaintiff, Cathx Research Ltd. ("Cathx"), pursuant to the Court's Docket Control Order (Dkt. 202), files this Trial Witness List for identification and categorization of trial witnesses. Cathx reserves the right to call witnesses of Defendant, Voyis Imaging, Inc. ("Voyis"), and any corporate representative of 2G Robotics Inc, Voyis Imaging, Inc., Sonardyne Group or Covelya, who may attend trial, to call additional rebuttal witnesses as necessary, and witnesses as necessary for authentication of documents.

| | **WITNESS, employer, topic of testimony** | **WILL CALL** | **MAY CALL** | **MAY, BUT PROBABLY WILL NOT CALL** |
|---|---|---|---|---|
| 1. | Adrian Boyle, Cathx, Mr. Boyle may testify on issues including by not limited to: the background and corporate history of Cathx; the nature of Cathx's business; competitors of Cathx; development, functionality and operation of Cathx's patented technology; conception and reduction to practice of Cathx's patented technology; patenting of Cathx's technology; Cathx's financial investment in its patented technology; Cathx's profits and losses associated with its patented technology; Defendant's interest in obtaining Cathx's patented technology; conversations had with a fictitious person created by and actually being Jason Gillham (then-CEO of | X | | |

1

| | | | | |
|---|---|---|---|---|
| | Defendant or its predecessor); commercial success of, advantages of, and demand for, Cathx's patented technology; Defendant's infringement and its impact on Cathx; and, laying foundation and authentication of documents, if necessary. | | | |
| 2. | Fergal Brennan, Taoglas, Mr. Brennan may testify on issues including by not limited to: the background and corporate history of Cathx; the nature of Cathx's business; competitors of Cathx; development, functionality and operation of Cathx's patented technology; patenting of Cathx's technology; Cathx's financial investment in its patented technology; Cathx's profits and losses associated with its patented technology; Defendant's interest in obtaining Cathx's patented technology; commercial success of, advantages of, and demand for, Cathx's patented technology; defendant's infringement and its impact on Cathx; and, laying foundation and authentication of documents, if necessary. | | X | |
| 3. | Michael Flynn, Self-employed and Konree Innovation, Mr. Flynn may testify on issues including by not limited to: the background and corporate history of Cathx; the nature of Cathx's business; competitors of Cathx; development, functionality and operation of Cathx's patented technology; conception and reduction to practice of Cathx's patented technology; patenting of Cathx's technology; Cathx's financial investment in its patented technology; Cathx's profits and losses associated with its patented technology; Defendant's interest in obtaining Cathx's patented technology; commercial success of, advantages of, and demand for, Cathx's patented technology; defendant's infringement and its impact on Cathx; and, laying foundation and authentication of documents, if necessary. | | X | |
| 4. | Aurelian Lazarut, Adaptive Design Ltd., Mr. Lazarut may testify on issues including by not limited to: the background and corporate history of Cathx; the nature of Cathx's business; Competitors of Cathx; development, functionality and operation of Cathx's patented technology; patenting of Cathx's technology; Cathx's financial investment in its patented technology; Cathx's profits and losses associated with its patented technology; defendant's interest in obtaining Cathx's patented technology; | | X | |

| | | | | |
|---|---|---|---|---|
| | commercial success of, advantages of, and demand for, Cathx's patented technology; defendant's infringement and its impact on Cathx; and, laying foundation and authentication of documents, if necessary. | | | |
| 5. | Gordon MacPherson, the Institute of Electrical and Electronic Engineers (IEEE), Mr. MacPherson may testify on issues including but not limited to: the operation of the IEEE's Xplore platform and metadata associated with articles mad available through IEEE Xplore. | | X | |
| 6. | James Mahon, Reflective Measurement Systems, Ltd., Mr. Mahon may testify on issues including by not limited to: the background and corporate history of Cathx; the nature of Cathx's business; Competitors of Cathx; Development, functionality and operation of Cathx's patented technology; conception and reduction to practice of Cathx's patented technology; patenting of Cathx's technology; Cathx's financial investment in its patented technology; Cathx's profits and losses associated with its patented technology; Defendant's interest in obtaining Cathx's patented technology; Commercial success of, advantages of, and demand for, Cathx's patented technology; Defendant's infringement and its impact on Cathx; and, laying foundation and authentication of documents, if necessary. | | X | |
| 7. | Toshihiro Maki, University of Tokyo, Mr. Maki may testify on issues including but not limited to: alleged prior art; and the failure of the prior art to teach or suggest Cathx's patented technology. | | X | |
| 8. | Jami Cheramie, Oceaneering, International, Mr. Cheramie may testify on issues including but not limited to: alleged prior art; the failure of the prior art to teach or suggest Cathx's patent technology; alleged non-infringing alternatives and the limits or failures of such alternatives; the demand for and advantages of Cathx's patent technology; and, laying foundation and authentication of documents, if necessary. | | X | |
| 9. | Jason Gillham, Impossible Metals, Mr. Gillham may testify on issues including but not limited to: the background and corporate history of Defendant; the nature of Defendant's business; competitors of Defendant; development, functionality and | | X | |

3

| | | | | |
|---|---|---|---|---|
| | operation of Defendant's infringing products; Defendant's interest in obtaining Cathx's patented technology; conversations had with a fictitious person created by and actually being Mr. Gillham (then-CEO of Defendant or its predecessor); alleged non-infringing alternatives and the limits or failures of such alternatives; commercial success of, advantages of, and demand for, Cathx's patented technology; Defendant's infringement and its impact on Cathx; the background and relationship between 2G Robotics and Voyis; and, laying foundation and authentication of documents, if necessary. | | | |
| 10. | Chris Gilson, Voyis, Mr. Gilson may testify on issues including but not limited to: Defendant's offered products and services; infringement of Cathx's patented technology; Defendant's background and corporate history; Defendant's relationship to various parent, sister, or otherwise-related companies; utilization of infringing products or service by Defendant's related companies; Defendant's sales, expenses, profits, and losses; demand for Cathx's patented technology; and laying foundation and authentication of documents, if necessary. | | X | |
| 11. | Adam Riese, Voyis, Mr. Riese may testify on issues including but not limited to: Defendant's offered products and services; infringement of Cathx's patented technology; Defendant's knowledge of Cathx and its products; Defendant's statements to customers and perspective customers relating to Cathx and Cathx's products; demand for Cathx's patented technology; and laying foundation and authentication of documents, if necessary. | | X | |
| 12. | Brenden St. John, Voyis, Mr. St. John may testify on issues including but not limited to: Defendant's offered products and services; infringement of Cathx's patented technology; Defendant's knowledge of Cathx and its products; Defendant's statements to customers and perspective customers relating to Cathx and Cathx's products; demand for Cathx's patented technology; and laying foundation and authentication of documents, if necessary. | | X | |
| 13. | Ryan Wicks, Voyis, Mr. Wicks may testify on issues including but not limited to: Defendant's offered products and services; past and current software | | X | |

| | | | | |
|---|---|---|---|---|
| | code utilized in Defendant's products; comparison between Defendant's prior and current product offerings; infringement of Cathx's patented technology; and laying foundation and authentication of documents, if necessary. | | | |
| 14. | Patrick Hudson, Exponent, Dr. Hudson is Cathx's technical expert and may testify on issues including but not limited to: infringement of Cathx's patented technology by Defendant; validity of the patents asserted against the Defendant; positions taken by Defendant's experts; failures or previous offerings in the field, including previous offerings from Defendant; efforts by Defendant to copy Cathx's patented technology; commercial success of, advantages of, and demand for, Cathx's patented technology; and, other opinions expressed in Dr. Hudson's reports. | X | | |
| 15. | Matthew Johnson-Roberson, Carnegie Mellon University, Dr. Johnson-Roberson is Defendant's technical expert and may testify on issues including but not limited to: alleged prior art; and, the failure of the prior art to teach or suggest Cathx's patented technology; operations of Defendant's offered products and services as they relate to infringement. | | X | |
| 16. | June Munford, self-employed, Ms. Munford may testify on issues including but not limited to: public access to various documents alleged to contain prior art. | | X | |
| 17. | Justin Blok, Whitley Penn LLP, Mr. Blok is Cathx's financial expert and may testify on issues including but not limited to: Cathx's damages and the harm Defendant's infringement caused, and will continue to cause, Cathx. | | X | |
| 18. | Jesus Zertuche III, Cathx, Mr. Zertuche may testify on issues including but not limited to Cathx's research and development; Cathx's corporate structure; Cathx's intellectual property processes; product development; the state of the art; and laying foundation and authentication of documents, if necessary. | | X | |
| 19. | Sean Behan, Cathx, Mr. Behan may testify on issues including but not limited to Cathx's research and development; Cathx's corporate structure; Cathx's intellectual property processes; product development; the state of the art; and laying | | X | |

| | | | |
|---|---|---|---|
| foundation and authentication of documents, if necessary. | | | |

DATED:  September 28, 2023

Respectfully Submitted,

/s/ Edward L. Bishop
Edward L. Bishop (admitted *pro hac vice*)
ebishop@bdl-iplaw.com
Nicholas S. Lee (admitted *pro hac vice*)
nlee@bdl-iplaw.com
Benjamin A. Campbell (admitted *pro hac vice*)
bcampbell@bdl-iplaw.com
Stephanie N. White (admitted *pro hac vice*)
swhite@bdl-iplaw.com
BISHOP DIEHL & LEE, LTD.
1475 E. Woodfield Rd., Suite 800
Schaumburg, IL 60173
Tel: (847) 969-9123
Fax: (847) 969-9124

-and-

Lance Lee
wlancelee@gmail.com
Attorney at Law
5511 Plaza Drive
Texarkana, TX 75503
Telephone: (903) 223-0276

*Attorneys for Plaintiff Cathx Research, Ltd.*

6

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that counsels of record who are deemed to have consented to electronic service are being served with a true and correct copy of the foregoing PLAINTIFF'S LIST OF TRIAL WITNESSES via the Court's CM/ECF system this September 28, 2023. Any other counsel of record will be served by electronic and/or first-class mail.

                                           /s/ Edward L. Bishop
                                           Edward L. Bishop